FILED

2013 DEC 23  PM 3: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY_____

1  Andrew D. Skale, Esq. (SBN 211096)
   askale@mintz.com
2  Justin Nahama, Esq. (SBN 281087)
   jsnahama@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   3580 Carmel Mountain Road, Suite 300
4  San Diego, CA 92130
   Telephone: (858) 314-1500
5  Facsimile: (858) 314-1501

6  Harvey Saferstein, Esq. (SBN 49750)
   hsaferstein@mintz.com
7  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   Century Plaza Towers
8  2029 Century Park East, Suite 1370
   Los Angeles, CA 90067
9  Telephone: (310) 586-3200
   Facsimile: (310) 586 3202

10

11 Attorneys for Plaintiff
   ASICS AMERICA CORPORATION

12

13              UNITED STATES DISTRICT COURT

14         FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                   (SOUTHERN DIVISION)

16 ASICS AMERICA CORPORATION,              Case No. SACV13-01993 JVS (RNBx)
17 (A California Corporation),
                                           COMPLAINT FOR BREACH OF
18              Plaintiff,                 CONTRACT, INTENTIONAL
                                           INTERFERENCE WITH
19       v.                                CONTRACTUAL RELATIONS,
                                           INTENTIONAL INTERFERENCE
20 LUTTE LICENSING GROUP LLC,              WITH PROSPECTIVE ECONOMIC
   (An Ohio Limited Liability Company),    ADVANTAGE, NEGLIGENT
21                                         INTERFERENCE WITH
                Defendant.                 PROSPECTIVE ECONOMIC
22                                         ADVANTAGE, UNFAIR
                                           COMPETITION, AND TRADE-
23                                         DRESS INFRINGEMENT UNDER
                                           LANHAM ACT
24
                                           JURY DEMANDED
25

26

27

28

Plaintiff ASICS AMERICA CORPORATION ("ASICS") alleges as follows:

## THE PARTIES

1. ASICS is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 29 Parker Suite 100, Irvine, California 92618.

2. Upon information and belief, Defendant LUTTE LICENSING GROUP LLC ("Defendant "or "Lutte") is a limited liability company organized under the laws of, and with its principal place of business located in, the State of Ohio.

## JURISDICTION AND VENUE

3. ASICS previously sued Defendant Lutte in this Court in *Asics America Corporation v. Lutte Licensing Group LLC,* Civil Case No.: SACV12-592 AG (JPRx). That case was jointly dismissed after a settlement agreement between the parties was reached and signed.

4. Section 6 of the parties' previous settlement agreement provided for "Continuing Jurisdiction of Same Court and Same Judge":

> If there is any alleged breach of this Agreement, the Parties agree to first give written notice to the alleged breaching Party describing the alleged breach or dispute. The Party receiving said notice shall have seven (7) business days to cure said alleged breach or dispute. If the Party receiving said notice fails to cure said alleged breach or dispute after that time period, and the non-breaching Party still believes there is a viable dispute relating to this Agreement, the complaining Party shall be permitted, without the filing of a new lawsuit, to petition Judge Andrew J. Guilford, the judge in the Action, for redress, as a continuation of the Action. In the case that a Party decides to continue the Action, to the extent permitted by law, such Party may create a valid procedural vehicle that will permit the allegations to be heard directly by Judge Guilford as a continuation of the Action and without any requirement to file a new legal proceeding in connection with the matters which are the subject of the Action.

5. Additionally, this Court has subject matter jurisdiction over ASICS' claims under 28 U.S.C. § 1332 because complete diversity exists between ASICS and

1  Defendant (ASICS is a California corporation with its principal place of business in
2  California; Defendant holds itself out as an LLC organized under Ohio law with its
3  principal place of business in Ohio) and because the amount in controversy in this
4  action exceeds $75,000, as Defendant has claimed that ASICS' alleged interference
5  has or will cause Defendant monetary harm significantly above and beyond $75,000.
6       6.    This Court has also original jurisdiction over the trade-dress claim
7  pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).
8       7.    This Court has personal jurisdiction over Defendant, who upon
9  information and belief has transacted substantial business in this district.
10  Specifically, upon information and belief, Defendant has conducted business within
11  this district and purposefully availed itself of this district by entering into sponsorship
12  and/or endorsement agreements with multiple athletes for those athletes to sponsor
13  and/or endorse Defendant's products, including but not limited to when those athletes
14  have performed, played and/or competed at venues located both within California and
15  within this district.
16       8.    Venue is proper in this district under 28 U.S.C. § 1391(b) and 28 U.S.C.
17  § 1400 because a substantial part of the events or omissions giving rise to this action
18  occurred in this District and the parties contractually stipulated to this venue.

**GENERAL ALLEGATIONS**

20       9.    In or about early April 2012, Lutte claimed that ASICS was intentionally
21  interfering with an agreement between Lutte and Mr. Jordan Burroughs
22  ("Burroughs") by creating and disseminating advertising materials showing
23  Burroughs wearing clothing manufactured and marketed by ASICS. ASICS had in
24  place an endorsement agreement with Burroughs wherein ASICS had certain rights to
25  utilize Burroughs' name, image and likeness in conjunction with advertising and
26  marketing related to ASICS' line of clothing, as well as ASICS' line of shoes.
27      10.    At that time, Lutte did not dispute that ASICS had the requisite rights to
28  utilize Burroughs' name, image and likeness in connection with ASICS' marketing of

1. its shoes. Instead, Lutte claimed "intentional interference" solely related to clothing.

2. 11. In order to determine the Parties' rights under the various agreements, on April 18, 2012, ASICS filed a Complaint for Declaratory Relief against Lutte in this Court, *Asics America Corporation v. Lutte Licensing Group LLC,* Civil Case No.: SACV12-592 AG (JPRx).

12. In late 2012, following a lengthy mediation, Lutte and ASICS agreed to resolve their issues.

13. On or about January 1, 2013, Mr. Jordan Burroughs renewed its ASICS relationship, signing another exclusive footwear endorsement agreement with ASICS.

14. On February 28, 2013, ASICS and Lutte executed a formal Settlement Agreement (the "Settlement Agreement"). Pursuant to that agreement, Lutte agreed, in part, that "Burroughs may endorse Asics' Shoes without interference from Lutte and that nothing herein relates to Burroughs use or endorsement of Asics' Shoes."

15. In or about July 2013, ASICS, launched its marketing campaign for its Burroughs signature wrestling shoes, the "JB Elite."

16. Despite the Settlement Agreement precluding Lutte from interfering with ASICS' exclusive footwear-endorsement agreement with Burroughs, Lutte has now launched a marketing campaign for a Jordan Burroughs Signature Shoe line (Defendant's "Burroughs Shoe Line") mirroring the color and design of ASICS' wrestling shoes:



Lutte's Shoes

Asics' Shoes (http://www.asicsamerica.com/jb-elite-wrestling-shoe)

17. On November 4, 2013, ASICS' attorney sent Defendant's attorney a letter providing notice of Lutte's breach as required under Section 6 of the Settlement Agreement. The November 4 letter requested confirmation that Defendant's Burroughs line of shoes will no longer be manufactured, marketed, or sold.

18. Defendant refused to cease marketing its Burroughs Shoe Line and continued its marketing efforts through mediums including, but not limited to, Facebook at https://www.facebook.com/cfwrestling (as shown below):



### FIRST CLAIM FOR RELIEF
#### (Breach of Contract)

19. ASICS incorporates by reference all preceding paragraphs as if set forth fully herein.

20. On or about February 28, 2013, ASICS and Defendant executed the Settlement Agreement, a valid and enforceable contract whereby Defendant agreed to not interfere with Mr. Burroughs' exclusive ASICS' shoes endorsement deal.

21. ASICS has performed all of its obligations under the Settlement Agreement, and any further unperformed obligations (if any) are excused.

22. Defendant has materially breached its obligations under the Settlement Agreement by designing, marketing, and selling a competitive shoe bearing Mr. Burroughs' name.

23. As a direct and proximate cause of Defendant's breach, ASICS has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional minimum of the Court.

## SECOND CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

24. ASICS incorporates by reference all preceding paragraphs as if set forth fully herein.

25. Defendant has intentionally interfered with the economic and contractual relationship between ASICS and certain of its clients.

26. Defendant was aware that ASICS had the exclusive right to design, market, and sell shoes endorsed by Mr. Burroughs, yet continued to manufacture, market, and sell Defendant's Burroughs Shoe Line.

27. Defendant's conduct made performance of ASICS' agreement with Mr. Burroughs more expensive and difficult.

28. Defendant's unlawful actions were a substantial factor in causing ASICS harm.

29. As a direct result of Defendant's conduct, ASICS has been damaged in an amount to be proven at trial.

30. The aforementioned acts of Defendant were willful, oppressive, and/or malicious. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial, in addition to all other damages and other relief.

## THIRD CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage)

31. ASICS incorporates by reference all preceding paragraphs as if set forth fully herein.

32. Defendant knew that ASICS had various sales agreements and existing economic relationships related to ASICS' shoes exclusively endorsed by Mr. Burroughs and those relationships included a future economic benefit for ASICS. Were it not for Defendant's breach of the Settlement Agreement, ASICS' economic relationships would have continued forward for the foreseeable future.

33. Defendant intentionally interfered with ASICS' economic relationships by launching Defendant's Burroughs Signature Shoe line when Defendant knew that such activity would interfere with ASICS' economic relationships, violated the Settlement Agreement, and/or knew that their intentional actions were substantially certain to interfere with ASICS' economic relationships.

34. Defendant's conduct made performance of the various sales agreements more expensive and difficult.

35. Defendant's unlawful actions were a substantial factor in causing ASICS harm.

36. As a direct result of Defendant's intentional interference with ASICS' prospective economic advantage and business relationships, ASICS has been damaged in an amount to be proven at trial.

37. The aforementioned acts of Defendant were willful, oppressive, and/or malicious. ASICS is therefore entitled to punitive damages in an amount to be proven at trial, in addition to all other damages and other relief.

### FOURTH CLAIM FOR RELIEF
**(Negligent Interference with Prospective Economic Advantage)**

38. ASICS incorporates by reference all preceding paragraphs as if set forth fully herein.

39. By virtue of the Settlement Agreement, Defendant knew that ASICS had an existing economic relationships related to ASICS shoes endorsed by Mr. Burroughs.

40. Under the Settlement Agreement, Defendant had a duty of care to ASICS to not unreasonably interfere with ASICS' business relationships and affairs.

41. Defendant breached its duty of care owed to ASICS and thereby at least negligently interfered with ASICS' economic relationships by launching the Defendant's Burroughs Shoe Line when Defendant knew or reasonably should have known that such activity would interfere with ASICS' economic relationships, and/or knew or reasonably should have known that Defendant's intentional actions were substantially certain to interfere with ASICS' economic relationships.

42. As a direct result of Defendant's negligent interference with ASICS' prospective economic advantage and business relationships, ASICS has been damaged in an amount to be proven at trial.

43. Defendant's conduct was a substantial factor in causing ASICS harm.

44. The aforementioned acts of Defendant were willful, oppressive, and/or malicious. ASICS is therefore entitled to punitive damages in an amount to be proven at trial, in addition to all other damages and other relief.

### FIFTH CLAIM FOR RELIEF
**(Statutory (Cal. B&P 17200 *et seq.*) and Common Law Unfair Competition)**

45. ASICS incorporates by reference all preceding paragraphs as if set forth fully herein.

46. ASICS has the right to develop, market, and sell footwear endorsed by Mr. Burroughs free from Defendant's interference.

47. Defendant has committed acts of unfair competition, including the practices and conduct referred to in this Complaint. These actions constitute unlawful, unfair or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading business practices. The actions were done in connection with sales or advertising.

48. As a direct and proximate result of Defendant's wrongful acts, ASICS has suffered and continues to suffer substantial pecuniary losses and irreparable

injury to its business reputation and goodwill.  As such, ASICS' remedy at law is not adequate to compensate for injuries inflicted by Defendant.  Accordingly, ASICS is entitled to temporary, preliminary and permanent injunctive relief.

49. By reason of such wrongful acts, ASICS is and was, and will be in the future, deprived of, among other damages, the profits and benefits of business relationships, agreements, and transactions with various third parties and/or prospective business relationships.  Defendant has wrongfully obtained profits and benefits instead of ASICS.  ASICS is entitled to compensatory damages and disgorgement of Defendant's said profits, in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### (Violation of the Lanham Act — 15 U.S.C. § 1125(a))

50. ASICS incorporates by reference all preceding paragraphs as if set forth fully herein.

51. Based on its lucrative endorsement deals with elite athletes coupled with its extensive advertising campaigns, ASICS' shoes endorsed by Mr. Burroughs have acquired distinctiveness.

52. The trade dress associated with ASICS' shoes, endorsed by Mr. Burroughs, is primarily non-functional.

53. Defendant's Burroughs Shoe Line is confusingly similar to ASICS' shoes endorsed by Mr. Burroughs, causing a likelihood of confusion in the marketplace.

54. Defendant's activities are likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with ASICS.

55. ASICS has been damaged by these acts in an amount to be proved at trial.  ASICS is also entitled to injunctive and equitable relief against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, ASICS respectfully requests that the Court enter judgment against Defendant as follows:

A. Judgment in favor of ASICS and against Defendant;

B. For compensatory damages in an amount to be proven at trial;

C. That the Court issue temporary and permanent injunctive relief against Defendant, and that Defendant, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendant, be enjoined and restrained from marketing and selling Defendant's Burroughs Shoe Line;

D. That the Court award ASICS actual damages, liquidated damages, statutory damages and/or disgorgement of Defendant's profits, in amount to be proven at trial;

E. That the Court award ASICS treble damages, in an amount to be proven at trial, pursuant to the Lanham Act;

F. For exemplary and punitive damages;

G. For costs of suit; and

H. For such other and further relief as the Court deems proper.

## **DEMAND FOR JURY**

ASICS demands trial by jury on all issues triable as a matter of right at law.

Dated: December 23, 2013

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By _____
Andrew D. Skale, Esq.
Justin S. Nahama, Esq.

Attorneys for Plaintiff
ASICS AMERICA CORPORATION

25926045v.1

Case 8:13-cv-01993-JVS-RNB   Document 1   Filed 12/23/13   Page 11 of 14   Page ID #:11

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge ____James V. Selna____ and the assigned Magistrate Judge is ____Robert N. Block____.

The case number on all documents filed with the Court should read as follows:

**SACV13-01993 JVS (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 23, 2013            By    M. Barr
Date                               Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division  
312 N. Spring Street, G-8  
Los Angeles, CA 90012

☒ Southern Division  
411 West Fourth St., Ste 1053  
Santa Ana, CA 92701

☐ Eastern Division  
3470 Twelfth Street, Room 134  
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

ASICS AMERICA CORPORATION, a California Corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

LUTTE LICENSING GROUP, LLC, an Ohio Limited Liability Co.

**(b) County of Residence of First Listed Plaintiff** Orange County, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Andrew D. Skale (SBN 211096), Mintz Levin Cohn Ferris Glovsky & Popeo
3580 Carmel Mountain Road, Ste. 300, San Diego, CA 92130
(858) 314-1500; (858) 314-1501

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☒ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ Over $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1125; Trade Dress Infringement; Breach of Contract; Intentional Interference with Contractual Relations; Intentional Interference with Prospective Economic Advantage; Negligent Interference with Prospective Economic Advantage; Unfair Competition.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | Habeas Corpus: | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-01993 JVS (RNBx)**

CV-71 (11/13) CIVIL COVER SHEET Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☐ NO   ☒ YES

If yes, list case number(s): SACV12-592 AG (JPRx)

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☐ NO   ☒ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: 12/23/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |